ALFRED ROBERTS *vs.* JOHN W. NOYES.

Cumberland.    Opinion January 2, 1885.

*Bailments.*

A bailee is not permitted to dispute the title of his bailor, but he may show that the bailor has assigned his title to another, since the property was entrusted to him. If legally assigned, and the bailee has notice of the fact, the bailee must account to the assignee. The rule that a bailee should not attorn to a stranger, does not apply; the assignee is not a stranger.

ON REPORT from the superior court.

Assumpsit.    The opinion states the facts.

*M. P. Frank,* for the plaintiff, cited : *Vermont Mining Co.* v. *Windham Co. Bank,* 44 Vt. 489 ; *McLouth* v. *Rathbone,* 19 Ohio, 21 ; N. H. R. S., c. 130, § 4 ; *Hastings* v. *Cutler,* 24 N. H. 481 ; *Robbins* v. *Bacon,* 3 Maine, 346 ; *Legro* v. *Staples,* 16 Maine, 252 ; *Wheeler* v. *Evans,* 26 Maine, 133 ; *Adams* v. *Robinson,* 1 Pick. 461 ; *Bourne* v. *Cabot,* 3 Met. 305 ; Metc. Contracts, 170.

*Motley and Briggs,* for the defendant.

The defendant was the agent of Mrs. Rounds. He was bound to pay over the funds to her, and had no right to withhold the same from her by the mere receipt of the notices. Story, Agency, (8th ed.) c. 7, § 217 ; Story, Bailments, § § 102, 103, 110 ; 2 Story, Eq. Jur. § § 816, 817.

The assignment ante-dates the letter of attorney five months. Roberts does not appear in the letter of attorney, as assignee of

Mrs. Rounds' interest. Her interest at the time of the assign-
ment, was real estate. If it was a valid assignment, then the
plaintiff was the owner and he should have signed the letter of
attorney. The conduct of the parties shows that neither the
plaintiff nor Mrs. Rounds considered the assignment valid.

Whether or not from the notices received, Mrs. Rounds had
any color of right to the money, was a matter for Noyes, as the
agent, to decide. And if she had, in his judgment, such a color
of right, this action cannot be maintained. 3 Add. Contracts,
(3 Am. ed.) § 1413 ; 1 Parsons, Contracts, (5th ed.) 79, 80.

PETERS, C. J. The evidence is reported, upon which we are
to render judgment according to the law and fact. The facts,
stated in the order of occurrence, we have no difficulty in finding
to be these : The plaintiff's wife and a Mrs. Rounds, sisters,
were, with other heirs, owners of a farm in New Hampshire,
which descended to them from their father, deceased. On the
19th of October, 1878, Mrs. Rounds sold and assigned her
interest in the estate, making an informal deed thereof, to the
plaintiff. On March 10, 1879, the heirs, their wives and
husbands, and the widow joined in a power of attorney to the
defendant to sell the property. On July 11, 1879, the plaintiff
wrote to the defendant, informing him in general terms of the
assignment, and requiring that Mrs. Rounds' share of the
proceeds of sale be paid to him. On July 21, 1879, the
defendant wrote to the plaintiff, acknowledging the receipt of
the plaintiff's letter, and stating, among other things, that he
would like to have Mrs. Rounds write him directing the money
to be paid to the plaintiff, adding, "I will then do so." He
enclosed a receipt for Mrs. Rounds and the plaintiff to sign.
The plaintiff procured an execution of the receipt, also an order
from Mrs. Rounds as requested, and sent them to the defendant
on July 25, 1879. The defendant, on July 30, 1879,
acknowledged by letter receiving plaintiff's last letter, and said
all were paid, " except Mrs. Rounds, which I will send the first
of next week." On August 6, 1879, the plaintiff wrote warn-
ing the defendant not to pay to Mrs. Rounds. In defiance of all

this evidence of assignment and transfer, the defendant, on August 6, 1879, paid the money to Mrs. Rounds.

The defendant, as a witness, undertakes to convey the impression that he had not received the acquittance, sent by the plaintiff, when he paid the money to Mrs. Rounds. It cannot be so. It was inclosed in the plaintiff's letter of the 25th of July. That letter states that it is inclosed therein. The defendant received that letter. In his reply he does not say that the acquittance was missing. On the contrary, he says, "I have received the letter of the 25th instant, inclosing Mrs. Rounds' order, &c." What did the "&c." refer to if not the receipt? Why did he say he would send that share the next week? He produces the receipt at the trial. How and where did he get it? It must have been by some letter, and no other letter than those named is produced or suggested. The "lame and impotent" excuse is apparent indeed.

Upon these facts, it is contended that the defendant was not under obligation to account to the plaintiff as an assignee of the claim.

In the first place, it is said that the papers are not appropriate to constitute an assignment. We think otherwise. And there is a good deal of ground for the position that the defendant did not even act in behalf of Mrs. Rounds, she being a nominal and the plaintiff being the real party in selling the farm.

The defendant invokes the rule of law, that an agent in possession of his principal's property, is not permitted to dispute the principal's title thereto; that he cannot be converted into a trustee for a third person by a mere notice of his claim; that he cannot affect the principal's rights by an attornment to a stranger; and that an action of money had and received cannot lie in such case by a third party. All of which is true but misapplied. The plaintiff does not set up an independent and hostile claim as a stranger or third party. He claims under Mrs. Rounds, and not adversely to her original right. He claims that her right has become his; that thereby her trustee has become his trustee; and that the privity between her and her agent has been transferred to him. The plaintiff could not dispute Mrs. Rounds'

original title, but he can show that it was assigned to him. It is clear from all the authorities that while a bailee cannot dispute the title of his employer, he can show that since the bailment it has been assigned to another. The allegiance of the vassal was to defend the castle of his lord against outside foes, and not against itself. The present is only the common case of the assignment of a fund or claim in the hands of the agent or attorney of the assignor. A question arising between the assignor and assignee, each making a demand upon the trustee or stakeholder, the defendant could have saved himself of all risk, and from costs, by sending the contestants into equity upon a suit of interpleader. Having espoused the side of the assignor he took the consequences attached. No sufficient defense has been established against the claim of the assignee. *Marvin* v. *Ellwood*, 11 Paige, 365; *Smith* v. *Hammond*, 6 Sim. 10; 3 Pom. Eq. Jur. § 1327, and cases in note; 2 Stor. Eq. Jur. § 817; *Exchange Bank* v. *McLoon*, 73 Maine, 498.

*Defendant defaulted.*

WALTON, DANFORTH, VIRGIN, LIBBEY and HASKELL, JJ., concurred.